PanWest NCA2 Holdings LLC v Rockland NCA2 Holdings, LLC (2023 NY Slip Op 50871(U))

[*1]

PanWest NCA2 Holdings LLC v Rockland NCA2 Holdings, LLC

2023 NY Slip Op 50871(U)

Decided on August 22, 2023

Supreme Court, New York County

Borrok, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 22, 2023
Supreme Court, New York County

PanWest NCA2 Holdings LLC, Plaintiff,

against
Rockland NCA2 Holdings, LLC, Defendant.

Index No. 653890/2020
Plaintiffs by:
Foley & Lardner LLP, 90 Park Avenue, New York, NY 10016
Scott+Scott Attorneys at Law LLP, 230 Park Avenue, Floor 17, New York, NY 10169
Defendants by:
Kent, Beatty & Gordon, LLP, 11 Times Square, Floor 10, New York, NY 10036

Andrew Borrok, J.

Upon the foregoing documents and as discussed on the record (8.18.23), the Defendant's motion (Mtn. Seq. No. 005) for partial summary judgment is denied and the Plaintiff's motion (Mtn. Seq. No. 006) for summary judgment is granted solely to the extent that summary judgment is granted for breach of contract predicated on the failure to disclose the non-annual maintenance (NAM) costs and to the extent that the Defendant did not maintain two feet of [*2]freeboard in accordance with the requirements set forth in the permit for the pond.
On the record before the Court, the undisputed facts are that the Defendant breached the MIPA by failing to disclose the NAM costs in the 2020 projected budget — i.e., approximately $580,000. It does not matter that the analyst made an innocent mistake in the excel spreadsheet by not including the "correct cells". It is also not correct that the parties did not contemplate price adjustment in the contract so that there are no damages. The parties did contemplate price adjustment as reflected in Section 2.5. This Court previously held that Section 2.5 was a non-exclusive means pursuant to which the Plaintiff could seek price reconciliation — i.e., that the Plaintiff could pursue remedy in litigation in this Court. Thus, it can not be said on the record before the Court that the Plaintiff voluntarily and unequivocally waived its rights to reconciliation. As discussed, the undisputed facts are that the Plaintiff sought to redress its rights in this Court when the Plaintiff was of the view that the scope of their claims was not limited to the causes of actions ultimately authorized by the Appellate Division. Put another way, when the Defendant's failure to include these amounts came to light, the Plaintiff moved forward seeking redress as it relates to this issue and others as well. Thus, having done so, and given that there is no material issue of fact that the NAM costs were not disclosed in violation of the MIPA, summary judgment is granted and the Defendant's motion is denied.
The Plaintiff is not however entitled to summary judgment on the balance of its motion. Although the record firmly establishes that (i) the permit for the pond required two feet of freeboard, (ii) the Defendant did not maintain two feet of freeboard, (iii) pursuant to the MIPA the Defendant represented that the pond was in compliance with all permits, and (iv) the Defendant had an estimate of $3 million of pond remediation costs that were not disclosed to the Plaintiff (as required by the MIPA), the Plaintiff has only spent $105,000 since closing on remediation. Thus, there are issues of fact as to what the parties would have done had this information been disclosed, whether this omission was material, and the amount of damages, if any, particularly given the $300,000 agreed upon deductible. 
It is hereby ORDERED that the motions for summary judgment are decided as set forth above; and it is further
ORDERED that the amount of Plaintiff's damages for the failure to disclose the NAM costs shall be determined at trial.
DATE 8/22/2023
ANDREW BORROK, J.S.C.